IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | |
|---|---|
| IN RE: ) <br> ) <br> JOEL H. SPIVEY ) <br> ) <br> Debtor ) | Chapter 7 Case <br> Number <u>10-50340</u> |
| ARCH INSURANCE COMPANY, ) <br> LUMBERMANS MUTUAL CASUALTY ) <br> CO., ZURICH AMERICAN ) <br> INSURANCE COMPANY ) <br> ) <br> Petitioners ) <br> ) <br> vs. ) <br> ) <br> Joel H. Spivey ) <br> ) <br> Involuntary Debtor ) | |

## ORDER

Creditors Arch Insurance Company, Lumberman's Mutual Casualty Company, and Zurich American Insurance Company ("Petitioning Creditors") filed a petition seeking entry of an order for relief under Chapter 7 of the Bankruptcy Code against Joel H. Spivey. (Petition, ECF No. 1). In Spivey's answer ("Answer"), he denied that there were grounds for relief under 11 U.S.C. § 303(h) and asked that the petition be dismissed. (Answer, ECF No. 6). At a hearing on the matter, the only ground for relief contested by the parties was whether Spivey was

"generally not paying . . . [his] debts as such debts become due." 11 U.S.C. § 303(h)(1). Upon conclusion of the hearing, I took the matter under advisement and allowed the parties thirty days to submit post-trial briefs. Based upon the pleadings before me, evidence adduced at hearing, and review of the record, I conclude that the petition is proper and enter an order for relief.

## SPIVEY'S DEBT

At trial, Petitioning Creditors presented evidence that Spivey's total debt as of the date of filing was $155,135,951.64. Of that figure, judgment debts owed to Petitioning Creditors comprise around 90% or $145,474,773.94. The remainder of the debt was called into question at hearing. Spivey contended that some of the debts listed on the exhibits were no longer his obligations, but instead were owed by third parties and that these debts were being kept current by those third parties. In light of this contention, the parties asserted that the remaining debt fell somewhere around $7.8 million and $10.9 million. Though this range seems wide, it is not, relative to Spivey's total debt; and, as discussed below, even taking the figures most favorable to Spivey would not alter my analysis. The evidence adduced at trial demonstrated that all debt, except for that of

AO 72A
(Rev. 8/82)

the Petitioning Creditors, is being serviced or is subject to some forbearance agreement between Spivey and the creditor.

The evidence at trial also illustrated that Spivey generated around $1.1 million in income between June 2009 and July 2010. This income derived from dividend payments on stock, rental and contract income, the sale of land, IRA and life insurance distributions, and the sale of stock. In the same period of time, the debt owed to Petitioning Creditors accrued around $675,000,000 in interest.

## ANALYSIS

The term "generally not paying" is not defined in the Bankruptcy Code. Most courts understand the lack of a clear definition as an effort to avoid mechanical application of a test and provide courts the flexibility required by diverse circumstances. See In re Smith, 243 B.R. 169, 190 (Bankr. N.D. Ga. 1999); In re All Media Properties, Inc., 5 B.R. 126, 142-43 (Bankr. S.D. Tex. 1980). Accordingly, courts have considered a variety of factors to determine whether a debtor is generally not paying his debts as they become due.

In the Northern District of Georgia, bankruptcy courts have acknowledged the factors considered by other courts, including (1) the number of debts; (2) the amount of delinquency; (3) the materiality of nonpayment; (4) the nature of the debtor's conduct

of its financial affairs; (5) the timeliness of payments on past due obligations; (6) the amount of debts long overdue; (7) the length of time during which the debtor has been unable to meet large debts; (8) any reduction in the debtor's assets; (9) the debtor's deficit financial situation. See In re J.B. Lovell Corp., 80 B.R. 254, 255 (Bankr. N.D. Ga. 1987); In re CLE Corp., 59 B.R. 579, 585-86 (Bankr. N.D. Ga. 1986). Upon reviewing these factors and others, courts will enter an order for relief if the totality of the putative debtor's financial circumstances demonstrate that he is not paying his debts as they become due. See, e.g., Smith, 243 B.R. at 190 (reviewing case law in which flexible totality tests were applied and likewise applying such a test). I concur and adopt this flexible totality of the circumstances analysis to determine whether a putative debtor is "generally paying . . . [his] debts as such debts become due." 11 U.S.C. § 303(h)(1).

Here, Spivey has a number of debts. He has striven to keep most of those debts current either through payment or forbearance agreement. In doing so, Spivey has had to pay out not only most of his contractual income but also money obtained through the sale of business property and the liquidation of some of his personal assets.

He has, however, failed to make any payment on the 90% of his total debt that is collectively owed to the Petitioning

4

Creditors. That debt dwarves those Spivey is servicing. Moreover, as Spivey fails to pay the debt, substantial interest accrues, forcing Spivey deeper into financial trouble. Just as in In re J.B. Lovell Corp., where the debtor failed to pay one creditor that held a substantial portion of the total debt, Spivey's failure to make any payment on the debts of the Petitioning Creditors warrants a finding that he is not paying his debts as such debts become due. 80 B.R. at 255.

The case that Spivey cited at hearing to refute the Petitioning Creditors' contention that he was not paying his debts as they became due is consistent with my conclusion. See In re Harmsen, 320 B.R. 188 (B.A.P 10th Cir.) There, the Bankruptcy Appellate Panel (BAP) reviewed a bankruptcy court's determination that a putative debtor was generally paying his debts as they became due. The creditor appellant alleged that the bankruptcy court had imposed a heightened burden of proof by considering factors in addition to those listed above. Nevertheless, the BAP concluded that the bankruptcy court applied the appropriate test, a totality of the circumstances test, and nothing more. Similarly, the totality of Spivey's financial circumstances support my conclusion that he is generally not paying his debts as such debts become due.

AO 72A
(Rev. 8/82)

## CONCLUSION

Therefore, I find Spivey is generally not paying his debts as such debts become due. In consideration of the petition filed on April 20, 2010 against Spivey, an order for relief under chapter 7 of title 11 of the United States Code is **ORDERED GRANTED**.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 17th day of December, 2010.

AO 72A
(Rev. 8/82)